[Cite as *Bloomfield v. Varner*, 2022-Ohio-4564.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

PATRICK W. BLOOMFIELD, ET AL.,

    PLAINTIFFS-APPELLANTS,            CASE NO.  11-22-04

    v.

JAMES E. VARNER, ET AL.,               O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Paulding County Common Pleas Court
Trial Court No.  CI-21-003

**Judgment Affirmed**

**Date of Decision:  December 19, 2022**

APPEARANCES:

    *Ian A. Weber* **for Appellants**

    *James and Jennifer Varner,* **Appellees**

**SHAW, J.**

{¶1} Plaintiffs-appellants, Patrick Bloomfield and Marilyn Bloomfield (the "Bloomfields"), bring this appeal from the April 12, 2022, judgment of the Paulding County Common Pleas Court granting summary judgment in favor of defendants-appellees, James Varner and Jennifer Varner (the "Varners"). On appeal, the Bloomfields argue that the trial court erred by finding that the Varners had the right to use Johnson Road for ingress and egress to the Varners' horse barn.

*Background*

{¶2} In 1962, Ernest and Alice Johnson turned land they owned in Paulding County into "Johnson's Subdivision." The subdivision contained 15 lots that were east of County Road 177 and west of the Little Auglaize River.

{¶3} Three roads were part of Johnson's Subdivision: "Petite Auglaize Street" ran north/south through the subdivision, dividing lots 1-6 and 15 on the west end of the subdivision from lots 7-10 and 14 on the eastern portion of the subdivision; "Johnson Road" ran along the southern border of the subdivision, running from where it branched off of County Road 177 past the southern borders of lots 15, 14, 13, and 12 from west to east, ending at the southeast corner of lot 12; and Paulus Road ran north/south between lots 14 and 13, ending on its northern end at lot 11.

{¶4} At the inception of this case, the Bloomfields owned lots 11, 12, 13, and 14 in Johnson's Subdivision.[1] Lots 12, 13, and 14 abutted Johnson Road to the south. The Bloomfields purchased their property in 2015.

{¶5} The Varners owned property on the south side of Johnson Road, outside of Johnson's Subdivision. Johnson Road divides the property owned by the Varners and the property owned by the Bloomfields. Although the Varners' primary driveway is attached to County Road 177, the Varners have a horse barn with a separate driveway that connects to Johnson Road. The Varners have owned their property since 1993.

{¶6} On January 11, 2021, the Bloomfields filed a complaint against the Varners for injunctive relief and damages alleging that beginning on or about June 2015, the Varners

> **wrongfully and unlawfully, began entering onto [the Bloomfields'] * * * property, using it for ingress and egress for a horse barn on [the Varners'] property all without permission, and refusing to leave despite a request by [the Bloomfields], to the detriment of [the Bloomfields'] mental health and quiet enjoyment of the property.**

(Doc. No. 1).

{¶7} On February 18, 2021, the Varners filed an answer denying the allegations and asserting that the Bloomfields lacked standing to bring the action

---

[1] The corresponding addresses are 8866 County Road 177 and 8858 County Road 177, in Oakwood.

because the Varners were using Johnson Road to access their horse barn, not any land owned by the Bloomfields as the Bloomfields claimed in their complaint.

**{¶8}** On June 11, 2021, the parties stipulated and admitted into evidence "any public record, including but not limited to, deeds, surveys, plats, tax cards, and aerial printouts that were obtained from any public agency in Paulding County, Ohio and/or their respective websites[.]"

**{¶9}** On June 15, 2021, the Varners filed a motion for summary judgment with supporting documentation arguing that the Bloomfields did not own Johnson Road thus the Varners were not trespassing on the Bloomfields' property as the Bloomfields alleged in their complaint.

**{¶10}** On July 15, 2021, the Bloomfields filed their own motion for summary judgment. In this summary judgment motion, the Bloomfields acknowledged for the first time that they did not own Johnson Road; however, they argued that when Johnson's Subdivision was created, Johnson's Subdivision owners, and *only* Johnson's Subdivision owners, had been granted an easement for the privilege of ingress and egress across Johnson Road to the Little Auglaize River. In pertinent part, the deed read, "The lot owners in Johnson's Subdivision of Lots shall have the privilege of ingress and egress to the Little Auglaize River on the land now owned [by the Johnsons]." The Bloomfields argued that Johnson Road went in the direction

of the Little Auglaize River and because the Varners were not part of Johnson's Subdivision, they could not use Johnson Road.

{¶11} The Varners filed a response contending first that the Bloomfields had now acknowledged that they did not own the land that they claimed in their complaint the Varners had trespassed onto, which the Varners argued precluded their claims. In any event, the Varners argued, *inter alia*, that the Bloomfields were essentially misreading the "easement." The Varners indicated that the "easement" allowed owners in the subdivision to continue *past where Johnson Road ended in order to access the Little Auglaize River*, which was further to the east of where Johnson Road ended. The Varners argued that Johnson Road ended at the southeastern boundary of lot 12 in Johnson's Subdivision, and they were not using any land beyond Johnson Road.

{¶12} The Varners submitted exhibits showing that the driveway to their horse barn was attached to Johnson Road proper, and that their driveway did not extend into the "easement" area that was for owners in Johnson's Subdivision to reach the Little Auglaize River. Thus the Varners emphasized that the Bloomfields did not own Johnson Road, and the Varners had not entered upon any easement that was exclusive to owners in Johnson's Subdivision to reach the Little Auglaize River.

{¶13} On February 14, 2022, the trial court held an oral hearing on the summary judgment motions "to clarify some of the information." At the hearing,

both parties agreed that the Johnson heirs still owned the land that Johnson Road was on because it had never been transferred to another party.[2]

{¶14} On April 12, 2022, the trial court filed an entry granting the Varners' motion for summary judgment, denying the Bloomfields' motion for summary judgment, and dismissing the Bloomfields' complaint. The trial court determined that the plain language of the documentation provided owners in Johnson's Subdivision the privilege of ingress and egress to the Little Auglaize River. It did not give any exclusive rights to the Bloomfields or other Johnson's Subdivision owners to Johnson Road. It is from this judgment that the Bloomfields appeal, asserting the following assignments of error for our review.[3]

**Assignment of Error No. 1**
**The trial court abused its discretion when it granted defendant's motion for summary judgment as the only persons who have the right to use Johnson Road for ingress and egress are the lot owners within Johnson subdivision.**

**Assignment of Error No. 2**
**The trial court err[ed] when it failed to issue a permanent restraining order and injunction preventing the appellees from using Johnson[] Road for ingress and egress to their property, that the appellants do have standing to enforce this easement as they are members and [owners] of lots within Johnson's Subdivision that there is no genuine material fact as to the property lines of the parties.**

---

[2] Notably, the Varners' attorney indicated that the horse barn and the driveway to the horse barn had been in place before the Bloomfields ever bought their property.
[3] On September 23, 2022, the Varners filed a motion to dismiss the appeal indicating that the Bloomfields had put their property and residence up for sale. The Varners argued, essentially, that a transfer of the Bloomfield property to a new owner would moot the issues in this case.

{¶15} As both assignments of error are argued collectively in the Bloomfields' brief, and because both assignments of error deal with the trial court's summary judgment determination, we will address them together.

*First and Second Assignments of Error*

{¶16} In the Bloomfields assignments of error, they argue that the trial court erred by granting summary judgment in favor of the Varners. Specifically, they contend that the Varners had no legal right to use or access Johnson Road based on the language in the Bloomfields' deed.

Standard of Review

{¶17} This Court reviews a grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336.

Summary Judgment Standard

{¶18} Pursuant to Civ.R. 56(C), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact remains to be litigated. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. "[S]ummary judgment shall not be rendered unless it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have

the evidence * * * construed most strongly in the party's favor." Civ.R. 56(C).

"When a motion for summary judgment is made and supported as provided in this

rule, an adverse party may not rest upon the mere allegations or denials of the party's

pleadings, but the party's response * * * must set forth specific facts showing there

is a genuine issue for trial." Civ.R. 56(E).

Analysis

**{¶19}** This case requires us to determine whether the Varners are precluded

from using Johnson Road to access their horse barn based on language contained in

the deeds granted to owners in Johnson's Subdivision, specifically, the Bloomfields.

This language reads as follows:

> **THE LOT OWNERS IN JOHNSON'S SUBDIVISION OF LOTS SHALL HAVE THE PRIVILEGE OF INGRESS AND EGRESS TO THE LITTLE AUGLAIZE RIVER ON THE LAND NOW OWNED BY ERNEST JOHNSON & OTHERS WITHIN THE FOLLOWING LIMITS: NORTH OF THE SOUTH BOUNDARY LINE OF THE JOHNSON ROAD PROJECTING EAST TO THE LITTLE AUGLAIZE RIVER AND EAST OF THE EAST BOUNDARY LINE OF LOT NO. 11, IN SAID SUBDIVISION.**

**{¶20}** After reviewing all of the submitted evidence, including the deed in

question, the language contained therein, and maps of Johnson's Subdivision, the

trial court determined that the Varners were not prevented from using Johnson Road

to access their horse barn based on the following analysis:

> **The plain language of the covenant itself makes [the Bloomfields']
> argument invalid. [The Bloomfields'] argument would be correct**

**if the restrictive covenant stated that lot owners in the subdivision had ingress and egress by way of Johnson Road. In that scenario, Defendants would not be able to use Johnson Road as they are not lot owners in Johnson's Subdivision. However, that is not what the covenant says. The covenant says, in pertinent part, that the lot owners in Johnson's Subdivision of lots shall have the privilege of ingress and egress _to the Little Auglaize River_ * * *[.]**

(Emphasis sic.)  Importantly, Johnson Road does not extend to the Little Auglaize River. Thus after examining the exhibits submitted by the parties, the trial court determined that the language in the deed referred to allowing lot owners in Johnson's Subdivision access to the river on land that went beyond Johnson Road. Simply put, the Varners were not using that land at all. "The area in which [the Varners] travel on Johnson Road to the driveway of their barn is not in the area to which the covenant is referring. [The Varners] are not using Johnson Road to access the river, but instead to access County Road 177."

{¶21} In resolving this case, similar to the trial court, we need look no further than the plain language of the Bloomfields' deed, which in pertinent part reads that "The lot owners in Johnson's Subdivision of Lots shall have the privilege of ingress and egress to the Little Auglaize River on the land now owned by Ernest Johnson and others * * *[.]" After Johnson Road ends, there is a path that leads to the Little Auglaize River.  The use of this path to access the Little Auglaize River is not at issue in this case and there is no indication in the deed that others are restricted from using Johnson Road to access County Road 117. There simply is nothing in the

Bloomfields' deed or in the creation of Johnson's Subdivision contained within our record that restricts the Varners from using Johnson Road to travel to and from their horse barn.

**{¶22}** Therefore based on the plain language included in the Bloomfields' deed, we find that there are no genuine issues of material fact and that the Varners are entitled to judgment as a matter of law. The Bloomfields' first and second assignments of error are overruled.

*Conclusion*

**{¶23}** For the foregoing reasons the Bloomfields' assignments of error are overruled and the judgment of the Paulding County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**